## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAOLA CASTELLON,

       *Plaintiff*

    v.

THE PNC FINANCIAL SERVICES GROUP,
INC.,

       Defendant.

CIVIL ACTION

Case No. 2:24-cv-00808-CCW

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.    Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

    **Counsel for Plaintiff**:

    **Anthony J. Giannetti, Esquire**
    **PA Id no. 318225**
    **agiannetti@swartzculleton.com**
    **SWARTZ CULLETON PC**
    **429 First Avenue, Suite 100**
    **Pittsburgh, PA 15219**
    **Tel: (412) 238-7610**
    **Fax: (412) 200-7595**

    **Counsel for Defendant**

    **Julie M. Kamps Seyfarth Shaw, LLP, 233 S. Wacker Drive, Suite 8000, Chicago, IL 60606, (312) 460-5000 (phone), (312) 460-7000 (fax); jkamps@seyfarth.com.**

2.    Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc.):

    **Plaintiff has asserted a claim for wrongful denial of long term disability**

**benefits that is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001. et. seq.**

3.      Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**All counsel identified above participated in a Rule 26(f) Conference on July 18, 2024.**

4.      Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:  (Lead  Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to  discuss the anticipated number of depositions and identities of potential deponents and  the anticipated dates by which interrogatories, requests for production of documents and  requests for admissions will be served):

**The Telephonic Rule 16 Initial Scheduling Conference is scheduled for August  1, 2024 at 10:00 a.m.**

5.      Identify any party who has filed or anticipates filing a dispositive motion pursuant  to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be  filed:

Neither party has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12.

6.      Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish  to communicate to the court regarding the ADR designation:

   **The parties have agreed to participate in private mediation as their Alternative Dispute Resolution process and have selected Carole Katz as mediator. The parties have scheduled mediation on September 10, 2024.**

7.      Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such  change and whether any such motion has been ruled on by the Court:

**The parties agree that because Plaintiff brings a claim for ERISA benefits under 29 U.S.C. § 1132(a)(1)(B), this case is exempt from the requirement of initial disclosures because this is an action for review on an administrative record. In lieu of initial disclosures, Defendant will produce the Administrative Record to Plaintiff on or before August 20, 2024**.

8.      Subjects on which fact discovery may be needed.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

**The parties agree that the Court's review is limited to the administrative record and that there will be no discovery beyond production of the Administrative Record.**

9.      Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed  to):

      a.      Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

The parties agree that this case is exempt from the requirement of initial disclosures because this is an action for review on an administrative record. In lieu of initial disclosures, Defendant will produce the Administrative Record to Plaintiff on or before August 20, 2024.

      b.      Date by which any additional parties shall be joined:

         September 14, 2024

      c.      Date by which the pleadings shall be amended:

         September 14, 2024

      d.      Date by which fact discovery should be completed:

**See response to 8, above.**

      e.      If the parties agree that discovery should be conducted in phases or limited  to or focused on particular issues, identify the proposed phases or issues  and the dates by which discovery as to each phase or issue should be  completed:

         **See response to 8, above.**

      f.      Date by which plaintiff's expert reports should be filed:

         **N/A**

g.      Date by which depositions of plaintiff's expert(s) should be completed:

**N/A**

h.      Date by which defendant's expert reports should be filed:

**N/A**

i.      Date by which depositions of defendant's expert(s) should be completed:

**N/A**

j.      Date by which third party expert's reports should be filed:

**N/A**

k.      Date by which depositions of third party's expert(s) should be completed:

**N/A**

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**See response to 8, above.**

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a.      **ESI.** Is either party seeking the discovery of ESI in this case?
□ Yes      **X** No [If "No," skip to sub-part (e) below.]

b.      **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

□ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

_____

_____

_____

.

□ Have developed an ESI discovery plan (as attached).

      □  Will have an ESI discovery plan completed by

      □  NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

c.     **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

      □  Yes        □  No

d.     **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

      □  Yes        □  No

e.     **Clawback Agreement**.  The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

     **X** Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

      □  Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

      □  Are unable to agree on appropriate non-waiver language.

f.     **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

      □  Yes        X  No

     Not at this time.

g.     **Other**.  Identify all outstanding disputes concerning any ESI issues:

_____

_____

_____

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss

and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

**The parties have not elected to schedule a Post-Discovery Status Conference at this time.**

a.      Settlement and/or transfer to an ADR procedure;

The parties will timely file an ADR stipulation.

b.      Dates for the filing of expert reports and the completion of expert discovery  as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;

c.      NADates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

d.      Dates by which parties' pre-trial statements should be filed;

e.      Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

f.      Dates on which motions *in limine* and *Daubert* motions shall be heard;

g.      Dates proposed for final pre-trial conference;

h.      Presumptive and final trial dates.

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**The parties propose a dispositive motion deadline of December 10, 2024.**

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**At this time, the parties do not anticipate the need for the Court to appoint a special**

**master.**

15.    If the parties have failed to agree with regard to any subject for which a report is required  as set forth above, except for proposed dates required in paragraph 9, above, briefly set  forth the position of each party with regard to each matter on which agreement has not  been reached:

   **See response to 7 and 8, above.**

16.    Set forth whether the parties have considered the possibility of settlement of the action  and describe briefly the nature of that consideration:

   **The parties have begun preliminary settlement discussions. The parties have agreed to participate in mediation and will mediate in good faith. The parties will continue discussing possibilities to resolve this case early and without needing the Court's involvement.**


Respectfully submitted,



SWARTZ CULLETON PC        SEYFARTH SHAW, LLP

*/s/Anthony J. Giannetti*_____     */s/Julie M. Kamps*_____
Anthony J. Giannetti       Julie M. Kamps, Esquire (IL Bar No. 6286872)
PA Id no. 318225        Seyfarth Shaw, LLP
SWARTZ CULLETON PC     233 South Wacker Drive, Suite 8000
429 First Avenue, Suite 100    Chicago, Illinois 60606-6448
Pittsburgh, PA 15219      Phone: (312) 460-5000
Tel: (412) 238-7610       Fax: (312) 460-7000
Fax: (412) 200-7595       jkamps@seyfarth.com
agiannetti@swartzculleton.com

             *Attorney for Defendant*
*Attorney for Plaintiff*